FILED & JUDGMENT ENTERED
David E. Weich

Oct 17 2005

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 05-32743 |
| JEFFREY ALAN DAY ) | |
| ) | CHAPTER 7 |

## ORDER AVOIDING JUDGMENT LIEN

THIS MATTER came before the undersigned United States Bankruptcy Court Judge on Debtor's Motion for Order Avoiding Judgment Lien. It appears that due and proper notice of the Motion and an opportunity for hearing was given to all parties in interest, and that no responses or objections were received within the time allowed by the Local Bankruptcy Rules. Therefore, ased on the pleadings and the matters of record herein, the Court finds the following:

    1.    This proceeding was instituted by the filing of a voluntary Chapter 7 petition on July 7, 2005.

    2.    Prior to the filing of the petition herein, Ford Motor Credit Company ("Creditor") obtained a judgment against the debtor which is indexed in the office of the Clerk of Superior Court of Mecklenburg County (the "Judgment"). The Judgment is in the amount of $4,469.99, plus court costs and accrued interest.

    3.    The Judgment encumbers real property owned by the debtor, located at 2051 Shenandoah Avenue, Charlotte, N.C., 28205 (the "Real Property").

    4.    The value of the Real Property, as reflected on the debtor's schedules, is $185,000.00.

    5.    The Real Property is also encumbered by three nonavoidable liens which secure an indebtedness in the amount of $182,089.79.

  6. The sum of the Judgment, all other nonavoidable liens on the property, and the amount of the exemption that the debtor would be allowed to claim ($10,000.00 pursuant to N.C.G.S. § 1C-1601) if there were no liens on the property exceeds the value that the debtor's interest in the property would have in the absence of any liens. The existence of the Judgment on the Real Property therefore impairs the exemption which the debtor could claim in the Real Property.

  7. Pursuant to 11 U.S.C. § 522(f)(1), the debtor may avoid the fixing of the Judgment on the Real Property.

 Based on the following findings of fact, it is therefore,

 ORDERED, ADJUDGED AND DECREED that the judgment lien of Citibank, South Dakota, N. A. encumbering 2041 Shenandoah Avenue, Charlotte NC, 28205 should be and is hereby avoided.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order

United States Bankruptcy Court